OGILVIE, Associate Justice.
John S. Lyne died testate, leaving real estate owned jointly by him with third parties other than his widow and two minor children, his sole surviving heirs. Letters testamentary were issued to his widow (appellant) ; and Letters of Guardianship of the two minor children’s property were issued to one Tom J. Lumus. Considerable business was transacted in the administration of the estate, including the payment of all debts of the estate, and particularly, extended negotiation between the widow, as Executrix and individually, the guardian for said minor children, the other owners of the co-tenancy, and general creditors of the estate, all involving adversary interests on the part of each. The co-tenants instituted partition proceedings immediately upon the death of said testator against the Executrix and the said minor heirs; the co-tenants being represented by the same attorney as the one representing the guardian of said minor heirs. Later, the widow disclaimed under the will, as the sole beneficiary thereunder, and claimed dower; a *184 settlement of the partition suit was agreed upon between the widow, individually and as executrix, the guardian of the property of said two minors and the several other co-tenants involved in the partition suit. In said settlement, the petitioners in the partition suit were to buy the land involved at the price arrived at in said extended negotiations involving said parties, including the said guardianship.
And finally, the first and complete distribution of the decedent’s estate approached. Thereupon, on petition of the guardian of the property of the two minor heirs, the County Judge ordered the executrix, who is also the mother and natural guardian, to pay over her protest, among other items, a fee to said attorney for the guardian, out of the estate funds, and to charge said amount to the distributive shares of such minors.
The executrix appealed to the Circuit Court, which without considering the merits, summarily dismissed said appeal. And now the . matter comes here on the sole question of whether said executrix is a proper party to appeal from such order.
The order of the Probate Court brought for review by the Circuit Court, awarded the sum of $2,500.00 as a fee to the attorney for ' said guardian; and specifically directed the executrix as follows:
“That Joan C. Lyne, as Executrix of the Last Will and Testament of John S. Lyne, deceased, be, and she is hereby directed and required to pay forthwith * * * the fees herein-before allowed.”
This payment was ordered to be made by said executrix direct to the attorney for the guardian of said minor heirs, before any order of distribution to said minor heirs; and the executrix would then necessarily have charged'the distributive shares of said minor heirs accordingly. And this payment of attorney fees was ordered by the Probate Court on the petition of the said guardian and his attorney.
Section 732.15, F.S.A. provides:
“All orders, judgments, and decrees of the county judge finally determining rights of any party in any particular proceedings in the administration of the estate of a decedent may, as a matter of right, be appealed to the circuit court and from the circuit court to the supreme court.”
And Redfearn on Wills, Second Edition, Sec. 349, p. 583, reads as follows:
“An executor or an administrator may appeal from any final order which adversely affects the estate; it is his duty to defend the estate from all unjust attacks made upon it which affect the rights of the persons interested in the estate, such as heirs, devisees, legatees or creditors.”
The payment of the attorneys fee would result in the diminution of the fund held in trust by the executrix for the minor heirs. Until distribution is made by the executrix to the guardian, the executrix is the representative of such heirs and other interested parties, and responsible to them by official bond or otherwise.
Under the facts of this case the executrix is a proper party to appeal the order of the Probate Court; and the Circuit Court should review same on the merits. The judgment below is reversed and remanded for further proceedings on the merits of the case.
TERRELL, Chief Justice, and THOMAS and ROBERTS, JJ., concur.